[Civil No. 1496.  Filed December 11, 1915.]

[153 Pac. 422.]

In re Guardianship of EMMA J. HARRIS, a Minor.  MARY A. WUPPERMAN, Guardian ad Litem of EMMA J. HARRIS, a Minor, Appellant, v. WILLIAM H. LYON, Guardian of the Estate of said Minor, Appellee.

1. GUARDIAN AND WARD—PETITION FOR GUARDIAN'S REMOVAL—EVIDENCE. On a petition by a minor's guardian *ad litem* to remove the guardian of her estate on the ground of his presentation of illegal claims against the estate and his failure to support the ward, the ward's letter to her grandmother a few days before the grandmother was given the custody of her person setting forth the ward's mental state because of her removal to the guardian's ranch was inadmissible, since such mental state was not involved.

2. GUARDIAN AND WARD—POWERS OF GUARDIAN—CUSTODY AND CARE OF PERSON AND ESTATE.—Such letter was also inadmissible, as, under Civil Code of 1901, paragraph 1974, the guardian of the person of a minor ward as well as of her estate was charged with her custody and might fix her residence at any place in the state, and as, under paragraph 1973, his power over her personal property continued until otherwise ordered.

3. GUARDIAN AND WARD—CUSTODY—"DE FACTO GUARDIAN"—STATUTES. The grandmother of a minor under general guardianship, after the court's order taking her out of the custody of the general guardian, and giving her custody to such grandmother, became a special or "*de facto* guardian" of the person of such ward, charged by Civil Code of 1913, paragraph 1124, with her custody, support, education and with fixing her residence.

4. GUARDIAN AND WARD—REMOVAL—PERFORMANCE OF TRUST—STATUTES.
   A general guardian of a minor ward, charged by Civil Code of 1913,
   paragraph 1125, with keeping the ward's property without sale
   thereof except by order of court, and by paragraph 1123 having
   power over the ward's person and property until other order of
   court, who, after the court had given her custody to another, and
   who under paragraph 1127 might be removed for abuse of his trust
   or for failure or incapacity to perform his duties, would not be re-
   moved because of his presentation to the court of a claim against
   the estate, since that was no abuse of his trust; nor for failure to
   provide the ward a suitable house to live in and funds for common
   necessities, since after he was deprived of her custody that duty
   rested upon the special guardian.

   [As to removal of guardian as vesting in discretion of court, see
   note in Ann. Cas. 1912C, 868.]

APPEAL from a judgment of the Superior Court of the
County of Yuma. Frank Baxter, Judge. Affirmed.

Messrs. Wupperman & Wupperman, for Appellant.

Messrs. Baker & Baker, for Appellee.

CUNNINGHAM, J.—Appellant, Mary A. Wupperman, as
guardian *ad litem* of Emma J. Harris, a minor, filed a peti-
tion in the lower court on January 19, 1915, alleging that
William H. Lyon was the duly appointed, qualified and act-
ing guardian of the estate of said minor, and that Lena R.
White is by order of the court the custodian of the person
of the said minor, and has been in the actual custody and con-
trol of said minor since about the fifteenth day of April, 1913,
and that the whole estate of said minor consists of unproduc-
tive real estate. The guardian, Lyon, is the stepfather to
the minor, and Lena R. White, the minor's custodian, is her
grandmother. The ward was 19 years of age when the peti-
tion was filed. By a prior order, upon the consideration by
the court of the minor's expressed preference, William H.
Lyon was appointed the guardian of the person and estate of
the said minor. The alleged grounds. for his removal are:
That the guardian presented illegal claims against the estate
of the minor, which claims were rejected by the court, and
that such illegal claims amounted to an abuse of his trust by
the guardian. And that the guardian has failed to perform

the duties of his office, because he "fails to provide and furnish a suitable house to live in, or any house at all, for your petitioner. He failed and neglected to pay the state and county taxes assessed against her said property. . . . He repeatedly failed and refused to furnish funds for her common necessaries of life such as shoes, clothing and groceries," etc. The guardian admits having presented a claim against the estate of the minor, and admits that the court refused to order the real estate sold in order to pay such claims, and alleges that the matter has been finally adjudicated against his contention as alleged in the petition. He alleges that all the money and other items furnished the minor by him were furnished from his private property, and the estate of the minor has never repaid any part of the same. Upon a full hearing of the evidence the court refused to remove the guardian and dismissed the petition. From which orders and judgment the petitioner has appealed.

The petitioner offered in evidence a letter written by the minor, of date of April 12, 1913, addressed to Lena R. White, the grandmother, in which letter the writer set forth her mental state as alarming, and that this condition was brought about from the acts of her guardian, the appellee, by reason of his having forcibly removed her from her grandmother's house to his ranch home in the country. Upon objection this letter was rejected, and the ruling rejecting the letter is made the first assignment of error. The appellant contends that the letter was competent evidence of the child's mental condition, and was erroneously rejected. The ruling was without error. The child's mental condition is not involved in this proceeding.

Another reason that the letter was incompetent as evidence is that from the petition it appears that at the date of the writing of the letter William H. Lyon was the guardian of the person of the minor as well as of her estate, and that fact appearing he had the authority, under paragraph 1974 of the Civil Code of Arizona of 1901, in his discretion to fix the residence of the ward at any place within the state, and he was charged with the custody of the ward by the same statute. See paragraph 1124, Civil Code of Arizona 1913.

By the provisions of paragraph 1973 of the Civil Code of 1901, he, having been appointed such guardian by the court, had power over the person and property of the ward until

otherwise ordered. The petition discloses the fact that the court otherwise ordered the child into the custody of Lena R. White on about April 15, 1913, and since that order was made the petitioner makes no complaint of the appellee's interference with the custody of the ward.

The said order transferring the custody of the person of the ward to the grandmother foreclosed all grounds of complaint arising from the mental condition of the child while the appellee had her in his custody as her guardian. All the relief demanded upon that ground was granted, and the matter was finally closed by the order of the court.

The petitioner has treated the relation of the ward to the guardian Lyon as that of general guardian of the person and estate, and his ward. The facts in the record will not admit of such interpretation. When the court ordered the ward out of the custody of Lyon and gave her custody to Lena R. White, her grandmother, the court, in fact, thereby appointed Lena R. White the special guardian of the person of the minor. The parties and the court, so far as this record discloses, have so treated that order. To all intents and purposes of this case, when that order was made, and pursuant thereto, Lena R. White took the custody of the minor, she became and now remains the *de facto* guardian of the person of Emma J. Harris and as such is charged with the custody of the ward, and "must look to her support, health and education." She "may fix the residence of the ward at any place within the state. . . . " Paragraph 1124, Civil Code 1913.

The duty of the guardian of the property is that he "must keep safely the property of his ward. He must not permit any unnecessary waste or destruction of the real property, nor make any sale of such property without the order of the court, but must, so far as it is in his power, maintain the same, with its buildings and appurtenances out of the income or other property of the estate, and deliver it to the ward, at the close of his guardianship, in as good condition as he received it." Paragraph 1125, Civil Code 1913.

Lyon was appointed guardian of the person and estate of the minor Harris by the court, and as such guardian under such appointment he had power over the person and property of the ward, until the court otherwise ordered. Paragraph 1123, Civil Code 1913. The court did otherwise order

about April 15, 1913, and thereafter Lyon's duties extended no further than that of guardian of the estate and as limited by paragraph 1125 of the Civil Code of 1913,. *supra.*

Paragraph 1127 of the Civil Code of 1913 prescribes the causes for which, if existing, a guardian may be removed. They are:

"(1) For abuse of his trust. (2) For a continued failure to perform his duties. (3) For incapacity to perform his duties"—and other causes not important to notice here.

The appellant seems to contend that the first and second causes for removal exist, viz., the guardian has abused his trust and continued in failure to perform his duties.

The abuse of trust complained of is the presentation by him of a claim against the estate which was disallowed by the courts. To abuse his trust must mean that the trust has been employed for some unlawful object, and not to effect the purpose for which it was conferred; in other words, a perversion of the trust. So understood, there is no evidence in the record that the guardian has employed his trust relation to some unlawful object and not to effect the purpose for which it was conferred. True, he made a claim against the estate, but submitted his claim to the proper authority for allowance. This is no evidence of an abuse of his trust.

Before the appellee-guardian can be held to have continued in his failure to perform any duty, the duty must exist. He is charged as having failed to furnish the ward with necessaries suited to her station in life after he had been relieved of the custody of the minor. He was under no such duty as guardian of her estate. That duty, under the statutes *supra,* rests upon the guardian of the person, subject, of course, to the existence of property applicable to the purpose, and the appellee Lyon was relieved of that duty when the custody of the ward was transferred to Lena R. White, the grandmother.

Even if Lyons is to be considered the legal guardian of the person of the ward, he is under no legal duty to furnish support to the ward out of property other than property belonging to the estate of the ward under his control and subject to be applied to that purpose. The parties concede that the guardian of the estate has received no income from the lands of the estate or otherwise. Without such income, or property belonging to the estate subject to be applied to that purpose,

the guardian is under no legal duty to appropriate his private estate to the support of the ward. Upon the facts set forth in the petition and conceded on the trial, which the petitioner cannot dispute, the guardian of the estate of the minor was not subject to removal, because the grounds set forth were not sustained by the proof, as ruled by the lower court.

We find no error in the record, and therefore the order and judgment are affirmed.

ROSS, C. J., and CUNNINGHAM, J., concur.